NOT DESIGNATED FOR PUBLICATION

No. 126,054

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DISCOVER BANK,
*Appellee*,

v.

JANET L. MAY (a/k/a JANET L. STIER),
*Appellant*.

MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Submitted without oral argument. Opinion filed January 12, 2024. Affirmed.

*Janet L. Stier*, appellant pro se.

*Kathryn Jackson*, of Pappas Hayden Westberg & Jackson PC, of Overland Park, for appellee.

Before MALONE, P.J., GARDNER and CLINE, JJ.

PER CURIAM: Janet L. May a/k/a Janet Stier appeals a judgment entered against her for breach of her credit card agreement with Discover Bank. May raises a variety of procedural and evidentiary challenges, none of which have merit. We therefore affirm the district court's judgment.

FACTS

On January 6, 2022, Discover Bank filed a limited action lawsuit against May seeking to recoup $3,239.18 in unpaid credit card charges, along with accrued interest.

1

Representing herself, May answered the petition on February 23, 2022. She argued Discover Bank's claim was fraudulent, contending the debt had been satisfied through a settlement agreement.

In late April, May moved to dismiss the action, again claiming the debt had been satisfied through a settlement agreement. She filed a second motion to dismiss on August 25, 2022, echoing her previous arguments. The record does not contain a ruling on either motion.

At a pretrial conference, the district court ordered the parties to exchange exhibits before trial. Discover Bank complied with the order, but May did not.

A bench trial was scheduled for Monday, October 31, 2022. On the Friday before trial, at 3:34 p.m., May filed a purported counterclaim against Discover Bank, seeking damages for the "expenses and hardships" she endured in responding to the lawsuit. She also moved to recuse Judge Sexton based on her assertion that he could not provide a fair and impartial trial.

On the day of trial, May filed an affidavit in support of her motion for recusal. She outlined her reasons for recusal as follows: (1) Judge Sexton showed partiality to Discover Bank's counsel by noting counsel's law firm processes a large number of credit card debt cases in Dickinson County; (2) Judge Sexton allowed the Bank's out-of-town counsel to appear by Zoom for status hearings, one time allowing counsel to appear late, while May was required to appear in person; (3) Judge Sexton granted two continuances to Discover Bank and allowed it to conduct discovery; and (4) Judge Sexton would not allow May's husband or another non-attorney third party, Ingrid Herwick, to represent May in the litigation.

Before proceeding with trial, Judge Sexton assigned May's motion to recuse to another judge in the same district, Judge Courtney Boehm. After reviewing the affidavit and case file, Judge Boehm denied the recusal motion. The case then proceeded to trial.

May requested two individuals who apparently hold powers of attorney for her, Ingrid Herwick and May's husband, Bruce Stier, be allowed to represent her during trial as her attorneys in fact, despite neither being licensed to practice law in Kansas. The district court allowed both Herwick and Stier to sit at counsel table with May but ordered only one could examine and present witnesses. Herwick volunteered to serve in that capacity. After listening to Herwick's statements in support of the counterclaim, the court concluded it was untimely and dismissed it.

Discover Bank called two witnesses at trial—a corporate representative, Bibi Rogers, and May. Through Rogers, it admitted several exhibits: May's application to open an account with Discover Bank, the credit card agreement between the parties, monthly billing statements Discover Bank had sent to May, Discover Bank's record of payments made by May, and letters Discover Bank had sent to May regarding the account.

Rogers testified that May made minimum payments but never paid the account in full. After May missed some payments and her account became delinquent, the parties agreed to a payment arrangement which allowed May to pay $40 per month for a time, instead of the higher minimum payment due under the agreement. But while Discover Bank temporarily agreed to accept lower payments due to May's hardship, Rogers denied that the parties entered into a settlement agreement to write off the account balance. May did not make all her agreed-upon payments, so Discover Bank sued to collect the outstanding balance.

May admitted having a Discover Bank credit card but testified she did not remember opening the account, agreeing to monthly payments, or using the credit card. While she verified that the address on the monthly statements was her address, when asked if she received the monthly statements May again responded, "I don't remember." But she denied that she stopped making monthly payments. Herwick did not cross-examine May or call her as a witness in the defense case.

The only witness Herwick called was Stier. Stier did not dispute that May had a Discover card or that she had made payments on the account. Stier claimed he communicated and negotiated with Discover Bank representatives when Herwick was "not getting the . . . points across that they needed to understand." He also said he stepped in to "assure payments." Stier said he was aware of the settlement agreement and claimed the terms of that agreement were met and the account settled.

After Stier's testimony, Herwick attempted to admit several documents as trial exhibits, which included handwritten notes (either on blank paper or on communications from Discover Bank to May), a June 15, 2018 Discover Bank letter to May confirming a $40 monthly payment plan from June 12, 2018, through May 16, 2020, which also contained a handwritten note, a typewritten itemization of payments purportedly made to Discover Bank by May, and five letters from Herwick to Discover Bank (four disputing charges on May's account and one requesting a settlement agreement to address May's delinquent account).

Discover Bank objected to the admission of these documents because (1) they were not provided in discovery, (2) May provided no proposed trial exhibits despite the district court's pretrial order that the parties exchange exhibits before trial, and (3) Herwick provided no foundation for the admission of any of the documents. Discover Bank also objected to the authenticity of May's version of the June 15, 2018 letter. Discover Bank had lodged this same objection in its response to May's motion to dismiss,

4

after May had attached this document to her answer. Discover Bank claimed May's version of the June 15, 2018 letter appeared to have been tampered with. In the version of the letter in Discover Bank's files, the outstanding balance reportedly owed on May's account was different from the amount in May's version of the letter. Discover Bank's version of the letter included the full amount of May's outstanding balance—$4,042.18—instead of the reduced balance of $1,002.18 in May's version, which May claimed was the amount owed after the alleged write-off. In its response to the motion to dismiss, Discover Bank produced a related account statement to support the balance stated in its version of the letter—which it later included in the documents it admitted as trial exhibits without objection from Herwick.

The court sustained Discover Bank's objections and none of May's documents were admitted as trial exhibits. The district court found for Discover Bank and granted it judgment for $3,239.18, along with any accrued interest.

ANALYSIS

*Did the district court err in concluding no settlement agreement existed between the parties?*

May first argues the district court erred by failing to find she had entered a settlement agreement with Discover Bank. She contends the court should not have allowed the matter to proceed to trial after she reported in her answer that the parties had entered a settlement agreement. She also argues the court should not have entered judgment against her because she claims she entered a verbal settlement agreement with Discover Bank to settle the account and write off the remaining balance.

The first problem with May's position is she misunderstands the litigation process. She claims the court "grossly *erred* in allowing this lawsuit to proceed when the issues were disputed." She then repeats the assertions in her Answer, where she alleged the

5

parties entered a settlement agreement under which she would make reduced payments in exchange for Discover Bank writing off the remaining balance of her account. But the matter proceeded to trial precisely *because* the issues were disputed. And, after that trial, the district court did not find May's assertions were supported by the evidence.

The next problem with May's position is she relies on evidence excluded at trial. She references the documents she offered as trial exhibits, but none of them were admitted over Discover Bank's objections. May has not addressed any of these objections on appeal, nor has she explained how the district court erred in sustaining them. She also does not dispute Discover Bank's claim that she did not provide the proposed documents in discovery or identify them as potential trial exhibits in accordance with the court's pretrial order. While she states in another section of her brief that the district court erred by denying her "the right to enter evidentiary documents into the Trial record as exhibits," she fails to explain how the court erred in that section, either.

In our review of the record, we note that May attached only four of her proposed exhibits to her answer:  (1) the first of six pages from one of May's Discover Bank statements (closing date April 20, 2018), which includes a handwritten note that mentions setting up a payment plan to settle the account; (2) a June 5, 2018 Discover Bank collection letter to May which contains a handwritten note mentioning a "$40.00 [month payment] plan stops action"; (3) May's version of the June 15, 2018 Discover Bank letter; and (4) the typewritten itemization of payments. We do not see in the record where May provided Discover Bank copies of the additional handwritten notes or the letters from Herwick.

Apart from the fact that Discover Bank may have never seen at least some of May's proposed exhibits and did not have fair warning that she intended to offer them at trial, May made no effort to authenticate the documents by providing a foundation for their admission. Under K.S.A. 2022 Supp. 60-464(a), the party offering a document for

admission at trial "must produce evidence sufficient to support a finding that the item is what the proponent claims it is." This could include testimony from a witness with knowledge that an item is what it is claimed to be. K.S.A. 2022 Supp. 60-464(b)(1).

"[T]he paramount purpose of laying a foundation is to ensure the accuracy of the evidence in question." *United States v. Green*, 175 F.3d 822, 830 (10th Cir. 1999). Trials are a search for the truth, and that truth cannot be ascertained without credible evidence. Here, May offered no information to establish the accuracy or the import of the proposed exhibits. For example, as the district court noted when the documents were offered for admission at trial, May provided no information about who kept the handwritten notes or when the notes were written. She offered no testimony about the context of the letters purportedly sent to Discover Bank or any testimony establishing that they were mailed. Nor did she propose any testimony about the drafting or accuracy of the payment itemization or her version of the June 15, 2018 letter.

On their face, May's proposed exhibits do not provide sufficient authenticity to support their admission and May offered none at trial. Her pro se status does not exclude her from complying with our evidentiary and procedural rules:

> "'A pro se litigant in a civil case is required to follow the same rules of procedure and evidence which are binding upon a litigant who is represented by counsel. Our legal system cannot function on any basis other than equal treatment of all litigants. To have different rules for different classes of litigants is untenable. A party in civil litigation cannot expect the trial judge or an attorney for the other party to advise him or her of the law or court rules, or to see that his or her case is properly presented to the court. A pro se litigant in a civil case cannot be given either an advantage or a disadvantage solely because of proceeding pro se.' [Citation omitted.]" *In re Estate of Broderick*, 34 Kan. App. 2d 695, 701, 125 P.3d 564 (2005).

The admission of evidence lies within the sound discretion of the district court. An appellate court's standard of review for the admission or exclusion of evidence is abuse of discretion. *State v. Holmes*, 278 Kan. 603, 623, 102 P.3d 406 (2004). An abuse of discretion occurs when the action is arbitrary, fanciful, or unreasonable. This abuse means no reasonable person would have taken the action of the trial court. *Biglow v. Eidenberg*, 308 Kan. 873, 893, 424 P.3d 515 (2018).

May failed to explain how the district court abused its discretion in excluding the offered documents at trial. We find no abuse of discretion in the court's evidentiary ruling, nor do we find any error in its decision to proceed with a trial.

As for May's argument that the district court should not have entered judgment against her, this appears to present an evidentiary challenge to the court's finding that no settlement agreement existed between the parties. Whether a contract exists is a question of fact, and an appellate court reviews such findings for substantial competent evidence. *Price v. Grimes*, 234 Kan. 898, 904, 677 P.2d 969 (1984); *O'Neill v. Herrington*, 49 Kan. App. 2d 896, 902-03, 317 P.3d 139 (2014). Substantial competent evidence possesses both relevance and substance. *State v. Brown*, 300 Kan. 542, 546, 331 P.3d 781 (2014). The conclusions of law based on those factual findings are subject to unlimited review. See *Gannon v. State*, 305 Kan. 850, 881, 390 P.3d 461 (2017).

May argues the district court should not have entered judgment against her because she claims she entered into a verbal settlement agreement with Discover Bank to settle the account and write off the remaining balance. But Discover Bank's representative denied the existence of such an agreement. Rather, she testified the parties entered an agreement to lower the minimum amount of the payments due on the account for a time based on May's temporary hardship—not write off the balance. She also testified May breached that agreement by failing to make those agreed-upon minimum payments. Discover Bank admitted May's account statements and payment records as

8

exhibits at trial, which revealed May reduced her payments from $40 to $12 before the completion of the temporary payment plan. May does not dispute this fact and, indeed, even her own purported payment records attached to her Answer reflect that she paid only $12 per month instead of $40 for six months during the payment plan time period.

Appellate courts do not reweigh evidence on appeal. *Peterson v. Ferrell*, 302 Kan. 99, 106, 349 P.3d 1269 (2015). But, even if we could, May points to no evidence admitted at trial to support her position. Discover Bank, on the other hand, admitted evidence of May's credit card charges and her failure to pay the same. We find the district court's decision supported by substantial competent evidence and therefore affirm it.

*Did the district court err in failing to rule on May's motions to dismiss?*

May next argues the district court erred in failing to rule on her motions to dismiss. The record reveals May filed two motions to dismiss—one a few months after she filed her answer and another one a few months later. While May is correct that the record contains no ruling by the district court on either of these motions, we find the issue is moot.

Given that the matter proceeded to trial, it appears the district court implicitly denied May's motions to dismiss. Even so, May had a chance to raise the motions to dismiss at trial (which she did not) and defend against Discover Bank's claim on the merits (which she did). Since she raised the same arguments at trial that she made in her motions, the court's failure to explicitly rule on her motions became moot.

Our court faced a similar situation in *Kirk v. VIM Properties, LLC*, No. 120,888, 2020 WL 2089618 (Kan. App. 2020) (unpublished opinion). There, a district court failed to rule on a motion for summary judgment. Our court found that failure was a moot issue since the same issues raised on summary judgment were decided on the merits at a bench

9

trial. 2020 WL 2089618, at *4. Similarly, May raised the same defense at trial that she raised in her motions to dismiss. The parties' dispute was determined on the merits, thereby making the court's failure to rule on the motions to dismiss moot.

Similarly, the parties' dispute here was determined on the merits at the bench trial. We therefore dismiss this issue as moot.

*Did District Judge Benjamin J. Sexton err in failing to recuse himself?*

May next argues Judge Sexton erred in not recusing himself, asserting he had an "overt bias, prejudice and blatant predisposition" against her.

First, we find May failed to preserve some of her arguments. As explained above, after May filed her affidavit in support of her motion, Judge Sexton assigned another judge in the same district to address the matter. While May now objects to that process—claiming Judge Boehm was improperly influenced by Judge Sexton's seniority on the bench—she failed to object to Judge Sexton's assignment of the motion to Judge Boehm below. Similarly, while May now argues that Judge Sexton has an "obsession" with her and her family, she did not raise this issue below. As a result, both arguments are unpreserved and May fails to explain why they should now be considered. *In re Adoption of Baby Girl G.*, 311 Kan. 798, 801, 466 P.3d 1207 (2020).

Next, May's motion for recusal was untimely. Under K.S.A. 20-311f, May was required to move for recusal "within seven days after pretrial, or after receiving written notice of the judge before whom the case is to be heard, whichever is later." Judge Sexton was assigned to her case in May 2022. And according to May, a pretrial hearing was held on September 6, 2022. May, however, moved for recusal on October 28, 2022, more than seven weeks later and, in fact, less than one business day before trial.

May also fails to show recusal was appropriate. A party alleging judicial misconduct has the burden of establishing both that misconduct occurred and that the misconduct prejudiced the party's substantial rights. *State v. Miller*, 308 Kan. 1119, 1154, 427 P.3d 907 (2018).

There are at least three substantive bases on which a litigant may argue that a judge's recusal is required: (1) the statutory factors set forth in K.S.A. 20-311d(c); (2) the standards of the Kansas Code of Judicial Conduct, Supreme Court Rule 601B, Canon 2, Rule 2.2 (2023 Kan. S. Ct. R. at 493); and (3) the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *State v. Moyer*, 306 Kan. 342, 370, 410 P.3d 71 (2017).

When reviewing the legal sufficiency of an affidavit in support of a motion for recusal, an appellate court must decide the sufficiency of the affidavit, not the truth of the facts alleged. *State v. Lyman*, 311 Kan. 1, 35, 455 P.3d 393 (2020). The appellate court should determine whether the affidavit provides facts and reasons relating to the party or the attorney which, if true, give fair support for a well-grounded belief that the defendant will not obtain a fair trial with the assigned judge, and whether the charges are grounded in facts that would create reasonable doubt concerning the judge's impartiality based on an objective standard of a reasonable person with knowledge of all the circumstances. *State v. Robinson*, 293 Kan. 1002, 1032, 270 P.3d 1183 (2012).

To begin, May fails to show Judge Sexton had a duty to recuse himself. In her affidavit, May asserted Judge Sexton said he knew Discover Bank's counsel "'very well.'" She also alleged Judge Sexton allowed Discover Bank to appear late and "cowardly by Zoom" for status conferences. According to May, Judge Sexton's clerk was forced to locate Discover Bank's counsel so "they could make their abusive appearance." May also noted Judge Sexton allowed Discover Bank's counsel to appear by telephone in a vehicle. In contrast, Judge Sexton apparently demanded May appear in person for all hearings.

11

May further alleged Judge Sexton granted two continuances to Discover Bank. Likewise, May asserted Judge Sexton refused to allow her husband to represent her.

Even if May's assertions are accepted as true, they failed to impose a duty on Judge Sexton to recuse himself. Recusal is required where, for example, "a judge has a direct, personal, substantial pecuniary interest," or "has an indirect financial interest in the case's outcome." *Moyer*, 306 Kan. at 376. May fails to show such an interest or impropriety. Mere familiarity does not warrant recusal, and district courts have broad discretion and considerable leeway in how they control the proceedings in hearings and trials before them. *State v. Kemble*, 291 Kan. 109, 114, 238 P.3d 251 (2010). We do not find that granting procedural leeway to Discover Bank's out-of-county counsel evidences bias.

May also complains that the district court did not permit Stier to represent her. But she fails to acknowledge that those not licensed to practice law in Kansas are prohibited from engaging in such practice. See *State ex rel. Stephan v. Williams*, 246 Kan. 681, 690-91, 793 P.2d 234 (1990) (only those licensed to practice law in Kansas may do so). And indeed, Judge Sexton ultimately permitted Herwick to represent May despite Herwick's lack of licensure. This demonstrated grace, not impartiality against her.

Because Judge Sexton had no duty to recuse himself, it is unnecessary to reach the prejudice issue. We affirm the district court's denial of May's motion to recuse.

*Did the district court abuse its discretion in scheduling the trial?*

May next asserts the district court erred in scheduling the trial. She claims Judge Sexton transferred all cases involving her, her husband, or Herwick to "his own personal docket" because of his "undeniable obsession" with her and her family. She also

12

complains that he "set all of the hearings . . . for the end of a court session, or for a day and time where there [were] no other cases on the docket."

Without addressing the merits of May's claim, we find she failed to preserve it for appeal. May points to no place in the record where she objected to the way the district court scheduled pretrial matters involving her case, nor does she argue that she did. She also fails to explain why this issue should be considered for the first time on appeal. Therefore, we dismiss this claim as unpreserved. *In re Adoption of Baby Girl G.*, 311 Kan. at 801.

*Did the district court err in dismissing May's counterclaim?*

May also argues the district court erred in refusing to hear or rule on her counterclaim. This challenge presents a question of law, warranting unlimited appellate review. *Kansas Fire and Safety Equipment v. City of Topeka*, 317 Kan. 418, 426, 531 P.3d 504 (2023).

May asserts the district court erred in failing to rule on her counterclaim. But this assertion is incorrect. Shortly before trial, the court dismissed May's counterclaim as untimely, noting, "It will not be part of this lawsuit." It explicitly dismissed it in its journal entry of judgment as well. And as Discover Bank argues, the court was justified in its dismissal because May's purported counterclaim was untimely.

Because this is a limited action, K.S.A. 61-2801, et seq. governs. K.S.A. 61-2905, which governs counterclaims in limited actions, refers to K.S.A. 2022 Supp. 60-213, however, and states that it also applies to counterclaims brought in limited actions. Under K.S.A. 2022 Supp. 60-213(a)(1), May's purported counterclaim was compulsory, and compulsory counterclaims must be alleged in an answer. This is because her allegations

arose out of the same transaction or occurrence that was the subject of Discover Bank's petition and did not require the addition of any other party.

That said, in a limited action, a plaintiff must apply for the defendant's compulsory counterclaims to be pleaded. K.S.A. 61-2905(a)(1). But this requirement only impacts a defendant's ability to assert the claim in a subsequent action—not in the pending one. K.S.A. 61-2905(a)(2). May is not asserting the right to raise her claim in a subsequent action but in this one. And her counterclaim was filed much too late to be considered here. May filed her answer in February but did not file her counterclaim until October 2022, eight months later. And Discover Bank was afforded no time to reply to May's counterclaim since the trial began on the very next business day.

Since May's counterclaim was untimely, we see no error in the district court's dismissal of it.

*Does May successfully challenge K.S.A. 61-2714?*

May's last challenge is directed at K.S.A. 61-2714, which provides, in part, that, if any party in small claims litigation is represented by an attorney, then all parties to the litigation are entitled to legal representation. K.S.A. 61-2714(a). This is an exception to the small claims procedure's customary prohibition on legal representation of parties in small claims court. K.S.A. 2022 Supp. 61-2707. May essentially argues this exception is unfair and prejudices an individual's right to represent their own interests. May argues that neither party should be permitted to retain counsel in a small claims action.

May's arguments are misplaced because Discover Bank filed a *limited* action against May, not a small claims action. And her challenge to the propriety of the enactment of K.S.A. 61-2714 is best directed at the legislative, not the judicial, branch.

14

We also find it unpreserved since she cites no portion of the record establishing that she made this argument below.

## CONCLUSION

We appreciate May's frustration with the litigation process. It can be complicated and expensive. But the rules we enforce here are in place to ensure both sides of a dispute are treated equally and fairly. May has not shown the district court committed any legal errors or abused its discretion in entering judgment against her.

Affirmed.